UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT S. SCUBA, Plaintiff, | CASE NO. 1:09-cv-483 |
| vs. | OPINION & ORDER [Resolving Doc. No. 18] |
| H.F. INDERLIED, JR., *et al.*, Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Judge H.F. Inderlied, Jr., moves this Court to dismiss Plaintiff Robert S. Scuba's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) & (b)(6). [Doc. 18.]

Scuba brings claims against multiple defendants, including Judge Inderlied, under 42 U.S.C. § 1983, alleging violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. [Doc. 5 at 2.] These claims arise from Judge Inderlied's role as presiding judge in an underlying Ohio criminal case, *State v. Scuba*, No. 97CR000129, Geauga County Court of Common Pleas. [Doc 5.]

In his Complaint, Scuba alleges that Judge Inderlied maliciously, wantonly, and recklessly deprived of him of his constitutional rights by refusing to allow Scuba to substitute retained counsel for his court-appointed public defender. [Doc 5 at 3-7.] Judge Inderlied says that this Court should dismiss the Complaint because (1) this Court lacks subject matter jurisdiction under 28 U.S.C. §

1257, (2) Scuba challenges the legality of a criminal conviction that has not otherwise been invalidated , (3) *res judicata* bars this Court from reviewing Scuba's claims, (4) Judge Inderlied is absolutely immune from liability, and (5) Scuba fails to state a claim for which relief can be granted.

Because Scuba's claim is not cognizable under § 1983, is time barred and because Judge Inderlied is absolutely immune from liability, this Court **GRANTS** the Motion to Dismiss.

## I. Background

Plaintiff Robert S. Scuba's claims arise out of Defendant Judge H.F. Inderlied, Jr.,'s refusal in a criminal case to permit Scuba to substitute his separately retained counsel for his court-appointed attorney. In March 1998, Scuba was awaiting trial on criminal charges in the Geauga County Court of Common Pleas. [Doc. 5 at 2-3.] Judge Inderlied presided over Scuba's case. Defendant Robert Umholtz, a public defender, represented Scuba. [*Id.*]

A few months after Umholtz began representing Scuba, Dave Dudas, Scuba's brother-in-law, retained attorney Peter Sackett to represent Scuba. [Doc. 5 at 3.] On March 25, 1998, Scuba met with Sackett and informed him that he had fired Umholtz and wished to be represented by Sackett. [*Id.*] Sackett agreed to the representation. [*Id.*] Although the Complaint is unclear as to the timing, location, or purpose of the meeting, Scuba says that Judge Inderlied then met with Umholtz and Sackett together.[1/] [Doc. 5 at 3.]

During this meeting, Judge Inderlied allegedly "had a very heated conversation with Mr. Sackett, in which he stated that no one could make a deal 'behind my attorney's back.'" [Doc. 5 at 3.] Moreover, Scuba says that Judge Inderlied "became enraged, and told Mr. Sackett, in effect, 'no

[1/]This meeting occurred sometime after Sackett had allegedly reached a plea agreement with the Geauga County Prosecutor's Office on Scuba's behalf. [Doc. 5 at 3.]

way is some outside lawyer going to come here and take away a case from counsel I appoint.'" [*Id.*] Scuba says that Sackett then "informed him that [Judge Inderlied] would not permit Mr. Sackett to represent [him] in Geauga County."[2] [*Id.*]

As a result of this interaction, on April 1, 2009, Scuba sued Judge Inderlied, saying Inderlied (1) unreasonably denied Scuba counsel of his choice in violation of the Fourteenth Amendment [Doc. 5 at 3-4], (2) denied Scuba effective assistance of counsel in violation of the Sixth Amendment [Doc. 5 at 4-5], (3) deprived Scuba of liberty and property without due process in violation of the Fifth and Fourteenth Amendments [Doc. 5 at 5], (4) denied Scuba equal protection of the laws in violation of the Fourteenth Amendment [*Id.*], and (5) subjected Scuba to cruel and unusual punishment in violation of the Eighth Amendment. [Doc. 5 at 5-6.] With his complaint, Scuba asks this Court to "declare his conviction unconstitutional and to vacate said conviction and, [sic] to award money damages in excess of $75,000 . . .." [Doc. 5 at 6.]

On June 29, 2009, Judge Inderlied filed a Motion to Dismiss Scuba's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) & (b)(6). [Doc. 18.] Scuba opposed the Motion on August 14, 2009. [Doc. 28.]

**II. Legal Standards**

When a defendant challenges subject matter jurisdiction over a claim under Rule 12(b)(1), the plaintiff has the burden of proving that the court has jurisdiction over the cause of action. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). In ruling on such a motion, the district court may resolve factual

[2] A jury subsequently convicted Scuba of the criminal charges and his conviction and sentence have been affirmed on appeal. [Doc. 5 at 4.]

issues when necessary to determine its jurisdiction. *Madison-Hughes*, 80 F.3d at 1130; *Rogers*, 798 F.2d at 918.

In deciding a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in a light most favorable to the plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Techs., Inc*, 520 F.3d 516, 519 (6th Cir 2008) (citations omitted). Under this standard, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.* (citations and internal quotations omitted). Further, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* (citations omitted).

Pursuant to Rule 12(b)(6), "a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, setting forth "a claim to relief that is plausible on its face." *Id.* at 1965, 1974; *see also* *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

**III. Analysis**

*III.A. Subject Matter Jurisdiction Under § 1257 and* Heck v. Humphrey

Judge Inderlied first says that this Court lacks subject matter jurisdiction over Scuba's Complaint because it seeks review of the final judgment of a state court by a subordinate federal court, in contravention of 28 U.S.C. § 1257. [Doc. 18-1 at 4.]

Under § 1257, only the United States Supreme Court has jurisdiction to directly review the

final judgments of the highest court of a State. In his Complaint, Scuba says that the Ohio Court of Appeals affirmed his criminal conviction and sentence and that the Supreme Court of Ohio declined review. [Doc. 5 at 4.] Thus, to the extent that Scuba requests this Court to directly review his conviction, [Doc. 5 at 6], this Court lacks jurisdiction to do so.

Moreover, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that in a case alleging damages resulting from an unconstitutional conviction, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. A damages claim "bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.*

If a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *S.E. v. Grant County Bd. of Educ.*, 544 F.3d 633, 637 (6th Cir. 2008) (citing *Heck*, 512 U.S. at 487). If so, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. *Id.*

In this case, a judgment in Scuba's favor would imply that his conviction was the unlawful result of Judge Inderlied's actions. Moreover, Scuba does not allege his conviction was invalidated through an appeal within the Ohio court system. In fact, he alleges just the opposite. He says his

conviction was upheld and asks *this Court* to invalidate it. [Doc. 5 at 4.] Individuals who are convicted of a crime fall squarely within the holding of *Heck*. *See* *Nicholson v. City of Westlake*, 20 F. App'x 400 (6th Cir. 2001) (affirming summary judgment holding that plaintiff could not claim that his arrest violated the Fourth Amendment because it lacked probable cause when plaintiff had plead nolo contendere and was convicted to an amended charge of reckless operation of a vehicle.) Yet, Scuba's conviction has not been reversed, expunged, or declared invalid. See *Heck*, 512 U.S. at 487..

Thus, the Court finds that Plaintiff Scuba's § 1983 action is not cognizable and grants Defendant Judge Inderlied's Motion to Dismiss as to this claim.

*III.B. Judicial Immunity*[3/]

As a separate ground for dismissing Scuba's Complaint, Judge Inderlied says that he enjoys absolute immunity with regard to any decision not to permit Scuba to replace his court-appointed attorney in his criminal case. [Doc. 18-1 at 8-12.]

Judges generally have absolute immunity from civil suits for money damages relating to their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). This immunity extends to actions brought against state judges under § 1983. *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967). Moreover, judges are immune even when their actions are alleged to have been malicious or corrupt. *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1872)).

Although this immunity is broad, the Supreme Court provides two exceptions. First, judges are not immune for actions taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-

[3/] To the extent Scuba also states a claim for relief under 42 U.S.C. § 1985, the following analysis and conclusion applies with equal force. *See* *Kurz v. Michigan*, 548 F.2d 172 (6th Cir. 1977).

12. Second, judges are not immune for "non-judicial" actions. *Id.* Thus, taking the facts alleged in the Plaintiff's Complaint as true, this Court need determine whether Judge Inderlied's alleged refusal to allow Scuba to substitute his retained counsel for his court-appointed attorney was (1) taken with some jurisdiction, and (2) a judicial action. If so, the Complaint must be dismissed.

First, Judge Inderlied acted with some jurisdiction. The Sixth Circuit has held that "only in the absence of *subject matter jurisdiction* are judicial actors devoid of the shield of immunity." *Stern*, 262 F.3d at 607 (quoting *Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000)). This immunity applies even if a judge's action exceeds his or her authority. *Stern*, 262 F.3d at 609. Ohio Rev. Code § 2931.03 gives the court of common pleas original jurisdiction over all crimes and offenses, except certain minor ones. As a judge of the Geauga County Court of Common Pleas, Judge Inderlied acted with jurisdiction over Scuba's criminal case. Therefore, his decision relating to Scuba's counsel was made with some jurisdiction.

Second, Judge Inderlied's actions were judicial. "Whether an action is judicial depends on the 'nature and function of the act, not the act itself.'" *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (quoting *Mireles*, 502 U.S. at 13) (internal quotations omitted). Under this analysis, courts look to whether the function is one "normally performed by a judge"and whether the parties dealt with the judge in his or her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

In this case, Judge Inderlied arguably denied Scuba's attempt to replace his court-appointed attorney. [Doc. 5 at 3.] This attempt necessarily involved Judge Inderlied discharging the judicial function of approving Scuba's action. *See* *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) ("Consideration of [a motion to substitute counsel] requires a balancing of the accused's right to

counsel of his choice and the public's interest in the prompt and efficient administration of justice."). Similarly, Scuba dealt with Judge Inderlied in his judicial capacity when he sought to substitute counsel in a criminal case. Judge Inderlied thus performed a function normally performed by a judge and the parties dealt with him in his judicial capacity, rendering his actions judicial.

Because Judge Inderlied's actions were judicial and taken with some jurisdiction, neither of the exceptions to absolute immunity applies. Therefore, even if the facts of Scuba's Complaint are taken as true and even if they otherwise state a claim for relief under § 1983, Judge Inderlied has absolute immunity from liability for his actions

*III.C. Statute of Limitations*

As an additional ground for dismissing Scuba's Complaint, Judge Inderlied says that Scuba's claims are time barred because they are brought nearly eleven years after Judge Inderlied's actions. [Doc. 18-1 at 12-13.]

In evaluating the timeliness of a § 1983 claim, this Court looks to the most related state statute of limitations. In Ohio, the most relevant statute of limitations is the limitation governing personal injury actions . *Banks v. City of Whitehall*, 344 F.3d 550 (6th Cir. 2003). The Sixth Circuit has repeatedly held that this limitations period is two years. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097 (6th Cir. 1995); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505 (6th Cir. 1991); *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). This two-year period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kuhnle Bros., Inc., v. County of Geauga*, 103 F.2d 516 (6th Cir. 1997).

Although Scuba does not clearly state the exact timing of the alleged deprivation of his constitutional rights, Judge Inderlied's actions necessarily occurred sometime between March 21,

1998, when Scuba retained Sackett, and July 22, 1998, when Scuba was convicted and sentenced in the criminal case. *See State v. Scuba*, No. 2006G2713, 2006 WL 3393264, at *1 (Ohio Ct. App. Nov. 24, 2006). Because Scuba brought this § 1983 action nearly eleven years after he knew of this alleged injury, his claims are time barred.

In an attempt to save his claims, Scuba says that they actually arise as a result of a civil judgment entered against him on December 10, 2007, in favor of the victim in the underlying criminal case. [Doc. 5 at 4, Doc. 28 at 9.] This attempt fails, however, because under the law of this circuit, Scuba's § 1983 claims accrued when Judge Inderlied allegedly refused to permit Scuba counsel of his choice. They did not accrue nearly ten years later when Scuba was found liable in a wholly separate civil proceeding with a different standard of proof. Therefore, Scuba's claims against Judge Inderlied are time barred.

## IV. Conclusion

For the foregoing reasons, this Court **GRANTS** Defendant Judge Inderlied's Motion to Dismiss.

IT IS SO ORDERED.

Dated: August 25, 2009

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE